UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:11-CR-26-TLS |
| | ) | |
| ANTONIO FLORES | ) | |

**OPINION AND ORDER**

The Defendant has pled guilty to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). On April 9, 2014, the Court held a hearing in which the Defendant's counsel informed the Court that the Defendant had no objections to the factual statements or application of the guidelines as set out in the U.S. Probation Office's Presentence Investigation Report (PSR). However, defense counsel noted for the record that in his opinion the sentencing should be continued because of three potential objections that could reduce the Defendant's total offense level by up to six points. Despite these potential objections and defense counsel's advice to pursue them, counsel informed the Court that the Defendant wished to go forward with the sentencing without objecting to the PSR. Although the Defendant asserted he was not formally raising objections to the PSR and guideline calculations, the Court found he had raised potential issues with the guideline calculations and continued the Defendant's sentencing to clarify the issues and clearly address the issues so as to produce a full and complete record.

On April 11, 2014, the Defendant filed a Supplemental Sentencing Memorandum [ECF No. 256], signed by Defense counsel and the Defendant, confirming in written form the statements made during the April 9 hearing. The Defendant noted that the PSR established a total offense level calculation of 31 and guideline imprisonment range of 120 to 135 months,

reflecting a mandatory minimum of 10 years. The Defendant then notes that he has been advised by his counsel that there are three specific objections to the PSR that could be raised to potentially reduce his total offense level.

The first potential objection is for the base offense level in light of recent actions taken by U.S. Attorney General Eric Holder and the U.S. Sentencing Commission. Paragraph 30 of the PSR sets the Defendant's base offense level at 32, pursuant to U.S.S.G. §2D1.1. On April 10, 2014, the Sentencing Commission issued a news release stating that the Commission had voted unanimously to amend the Drug Quantity Table. In particular, the amendment would generally reduce by two levels the base offense levels for all drug types in the Drug Quantity Table in U.S.S.G. §2D1.1. This proposed amendment, absent Congressional disapproval, will go into effect on November 1, 2014. Attorney General Holder endorsed this proposal and the U.S. Department of Justice, in a March 13, 2014, press release, noted that "the Justice Department will direct prosecutors not to object if defendants in court seek to have the newly proposed guidelines applied to them during sentencing."

The second potential objection is to paragraph 31 of the PSR, which contains a two-level increase for maintaining a premises for the purpose of manufacturing or distributing a controlled substance pursuant to USSG §2D1.1(b)(12). Defense counsel asserts he has advised the Defendant to challenge the finding as he believes it is not factually supported, but the Defendant elects not to do so.

The third potential objection concerns whether the Defendant qualifies for the "safety valve" provisions set forth in §5C1.2 of the U.S. Sentencing Guidelines and in 18 U.S.C. § 3553(f), which would allow the Defendant to be sentenced below the ten-year statutory

mandatory minimum term of imprisonment required by 21 U.S.C. § 841(b)(1)(A). Defense counsel asserts that the Defendant meets the criteria for the safety valve, which would allow him to receive a two-level reduction of his total offense level in addition to qualifying for a sentence below the statutory mandatory minimum, but that he has been instructed by the Defendant not to pursue the safety valve. Taken altogether, Defense counsel believes that if the Defendant were successful on all three issues he would be eligible for a six-level reduction in his total offense level and a sentence with a range of imprisonment of 57 to 71 months.

The Government did not file a response to the Defendant's supplemental sentencing memorandum. However, during the April 9, 2014, hearing, the Government argued that the drug house enhancement and potential reduction based on drug quantity, the first and second potential objections, are largely irrelevant in light of the statutory mandatory minimum sentence of 10 years. The Government argues that the Defendant has not completed the five requirements under the safety valve provision. In particular, the Defendant has not completed the interview component and, because the Defendant has been unwilling to provide truthful information in an interview, he faces the ten-year statutory mandatory minimum.

### DISCUSSION

**A.     Waiver**

The precedent regarding the waiver or forfeiture of rights by a criminal defendant is well-established.

> "Waiver occurs when a criminal defendant intentionally relinquishes a known right." *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006); *United States v. Murry*, 395 F.3d 712, 717 (7th Cir. 2005); *United States v. Staples*, 202 F.3d

> 992, 995 (7th Cir. 2000). Forfeiture occurs when a defendant negligently fails to assert a right in a timely fashion. *Haddad*, 462 F.3d at 793; *Staples*, 202 F.3d at 995. Waiver of a right extinguishes any error and precludes appellate review, whereas forfeiture of a right is reviewed for plain error. *See Haddad,* 462 F.3d at 793; *Staples,* 202 F.3d at 995.

*United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007). "A defendant who does not object to his sentence when asked whether he has any objections may communicate an intention to relinquish any arguments related to his offense calculation." *Id.* (citations omitted). A defendant may waive his right to raise objections to the PSR. *See id.* at 531 ("[I]t is clear from the record that [the defendant] had access to the PSR and knew of his right to object to the probation officer's recommendations. [The defendant] objected to certain parts of the PSR and stated on the record that he did not have any further objections when asked by the district court. This seems to us the paragon of intentional relinquishment."); *see also Murry*, 395 F.3d at 717 (holding that the defendant waived any objections when defense counsel replied definitely that he had no objections); *United States v. Richardson*, 238 F.3d 837, 841 (7th Cir. 2001) ("At sentencing the judge asked [the defendant's] lawyer whether he had an objection to the enhancement, and the lawyer said 'no.' This was a waiver in the strict sense of the term, that is, a deliberate relinquishment of a known right.").

Although "a lawyer's statement at sentencing that the defendant does not object to anything in the presentence report does not inevitably constitute a waiver," *United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005), "when the defendant selects among arguments as a matter of strategy, he also waives those arguments he decided not to present." *Brodie*, 507 F.3d at 531–32 (citing *Jaimes-Jaimes*, 406 F.3d at 848; *United States v. Kindle*, 453 F.3d 438, 442 (7th Cir. 2006); *United States v. Cooper*, 243 F.3d 411, 416 (7th Cir. 2001)).

4

Here, the Defendant as well as counsel stated on the record that he had no objections to the PSR, even after counsel advised him of some potential objections he might raise. These potential objections were further laid out in his Supplement Sentencing Memorandum [ECF No. 256], a document signed by the Defendant and his attorney, where the Defendant acknowledged his counsel's advise but instructed his attorney not to object to the PSR. The Defendant has knowingly and under oath affirmed at sentencing that he does not wish to raise any objections to the PSR. The Court finds that the Defendant has intentionally relinquished his right to object to the probation officer's findings in the PSR. As such, these potential objections are waived.

**B.     Safety-Valve Provision**

On April 9, 2014, after Defense counsel informed the Court of the potential objections the Defendant has chosen not to raise, the Government argued that the Defendant's first and second potential objections were largely irrelevant because the Defendant could not succeed on his third potential objection; that is, that he meets the necessary criteria to qualify for the safety-valve provision of § 3553(f). The Government argues that the Defendant has not completed an interview and that he does not want to proceed with the interview component.

Congress enacted the safety valve statute, § 3553(f), to allow certain nonviolent, first-time drug offenders who were not organizers of criminal activity to avoid the application of statutory mandatory minimum sentences if they cooperated with the government. *United States v. Arrington*, 73 F.3d 144, 147 (7th Cir. 1996).

> Section 3553(f) was intended to benefit defendants who wished to cooperate with the government (and in fact did everything they could to cooperate) but simply had no new or useful information to provide. But § 3553(f) was intended to

5

> benefit only those defendants who truly cooperate. Thus, to qualify for relief under § 3553(f), a defendant must demonstrate to the court that he has made a good faith attempt to cooperate with the authorities.

*Id.* at 148.

The statute sets forth five criteria that a defendant must satisfy to be eligible to receive a sentence without regard to the mandatory minimum; the only one at issue in this case is whether

> (5) not later than the time of the sentencing hearing, *the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan*, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C.A. § 3553(f)(5) (emphasis added). The statutory language of § 3553(f) is duplicated in Guideline § 5C1.2(a)(1)–(5). "The defendant bears the burden of proving by a preponderance of [the] evidence his eligibility for the safety valve." *United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004). "To carry his burden, the defendant must persuade the district court that he has made full, truthful disclosure of information required by the safety valve," *United States v. Aidoo*, 670 F.3d 600, 607 (4th Cir. 2012), which includes information about offenses that were part of the same course of conduct or of a common scheme or plan, U.S.S.G. § 5C1.2(a)(5).

The admission of facts that render the defendant culpable for his own conduct is not enough if other relevant facts are excluded. *Montes*, 381 F.3d at 635–636 ("Despite [the defendant's] claim that his candor regarding the events of his arrest is irrelevant because he admitted enough facts to render him culpable, the safety valve does not so restrict the type of information that a defendant must provide."); *see also United States v. Nunez*, 627 F.3d 274, 282 (7th Cir. 2010) (finding the defendant ineligible for safety valve where he was unwilling to

6

discuss his customers and co-defendants and was only willing to discuss particular suppliers).

The burden is on the Defendant to "persuade the district court that he has made full, truthful disclosure of information required by the safety valve." *Aidoo*, 670 F.3d at 607. The Government argues that the Defendant has not participated in an interview to disclose any information, let alone the full, truthful disclosure of information required by the safety valve. The Defendant does not contend that he has participated in the interview component of the safety valve, or that he desires to participate in such an interview. Therefore, the Court finds that the Defendant is ineligible for the safety valve, and thus is subject to the mandatory statutory minimum of 120 months' imprisonment.

## CONCLUSION

For the foregoing reasons, the Court determines that the potential objections identified by the Defendant prior to sentencing have been WAIVED.

SO ORDERED on April 18, 2014.

       s/ Theresa L. Springmann  
       THERESA L. SPRINGMANN  
       UNITED STATES DISTRICT COURT